IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden, ) | |
| ) | Civil Action No. 2:18-cv-02739-JMC |
| Petitioner, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| South Carolina Dept. of Corrections, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on October 7, 2019 (ECF No. 34). For the reasons set forth below, the court **ACCEPTS** the Report and **GRANTS** Defendant South Carolina Department of Corrections' ("Warden") Motion for Summary Judgment (ECF No. 29.)

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 34.) As brief background, on October 9, 2018, Petitioner, proceeding *pro se*, filed a habeas petition under 28 U.S.C. § 2254, challenging his 2010 conviction for burglary in South Carolina. (ECF No 1 at 1.) In response to the petition, the Magistrate Judge issued a Report (ECF No. 11) explaining that, because Petitioner had been released from custody and because Petitioner had not alleged any collateral consequences stemming from the conviction, the case did not present a justiciable controversy and thus was subject to summary dismissal. (ECF No. 11.) Petitioner objected to the report, attaching a proposed amended petition alleging his claims are justiciable because of the ongoing collateral consequences of his conviction despite the fact that he had not alleged any collateral consequences initially. (ECF. Nos. 13, 13-1.) Construing that amended petition as a Motion to Amend, this court granted Petitioner leave to amend and

1

recommitted the case to the Magistrate Judge for further consideration. (ECF No. 15.) On March 7, 2019, Petitioner filed a more formal amended petition (ECF No. 19). The Magistrate Judge construed the original and amended petition as a single pleading (ECF No. 20.) After Warden received service of the Amended Petition, Warden timely filed his return as well as the Motion for Summary Judgment (ECF No. 29), which the Magistrate Judge recommends granting here. On, June 25, 2019, McFadden filed a Response to the Motion for Summary Judgment. (ECF No. 33.) McFadden also filed Objections to the Magistrate Judge's Report (ECF No. 34). The Objections are ripe for adjudication.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making de novo determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must identify specific findings of the Report and state the basis for objecting to those findings. Fed. R. Civ. P. 72(b). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *See Diamond v.*

*Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court is required to interpret pro se documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is "to be liberally construed," and "a *pro se* complaint, however in-artfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *See also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012).

### III. DISCUSSION

In the Report, the Magistrate Judge considered Petitioner's claims challenging evidentiary rulings and his ineffective assistance of counsel claims. (ECF No. 1-1.) In response to interrogatories from the Magistrate Judge, Petitioner indicated that at the time he filed his habeas petition, he had already been unconditionally released from state prison. (ECF No. 7 at 1–2.) Prior to the instant Report, the Magistrate Judge found that Petitioner " does not allege that he is subject to any collateral consequences . . . ." (ECF No. 11 at 3.) However, after amending his Petition, Petitioner alleged the following "collateral consequences" as a result of his challenged conviction:

> (1) in not being able to engage in certain business or job opportunities
> (2)  in not being able to serve as an official of a labor union
> (3) in not being able to serve as a juror
> (4) in being subject to impeachment and namely
> (5) in being subject to enhancement of a life sentence to a subsequent burglary offense or another violent crime

(ECF No. 19 at 2.)

In Petitioner's view, he has cured the defect in his petition by alleging "collateral consequences" stemming from his challenged conviction, and he has established that he was "in custody" as required under 2254(a) when he filed his petition. The court disagrees.

It is well-established that an individual must be "in custody" in order to be eligible for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir.1986). The "in custody" requirement must be satisfied at the time the petition is filed with the federal district court. *Carafas*, 391 U.S. at 238; *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). This requirement is jurisdictional. *Maleng*, 490 U.S. 488, 490-91. While the "in custody" requirement has been broadened to include other types of restraint on liberty such as probation and parole, *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir.2012), Petitioner does not dispute that he was neither on probation or parole at the time he filed the petition.

Further, in his Amended Petition, Petitioner claims that he has been subject to five collateral consequences of his conviction. He cites *Carafas* for the proposition that *the possibility* of a future enhancement, along with his other consequences[1] is sufficient to find that Petitioner was "in custody" when he filed the petition. However, the facts of *Carafas* are inapposite because the Petition there filed his petition while he was physically incarcerated. More importantly, "[o]nce the convict's sentence has expired, **some concrete and continuing injury other than the now-**

---

[1] Petition alleges the following collateral consequences of his conviction:
    (1) in not being able to engage in certain business or job opportunities
    (2) in not being able to serve as an official of a labor union
    (3) in not being able to serve as a juror
    (4) in being subject to impeachment and namely
    (5) in being subject to enhancement of a life sentence to a 3rd subsequent burglary offense or another violent crime
(ECF No. 19 at 2.)

**ended incarceration or parole**—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (emphasis added). Petitioner fails to allege or demonstrate a concrete and continuing injury sufficient to establish collateral consequences. Petitioners' added allegations of collateral consequences are merely speculative and, as the Magistrate Judge correctly observes, "none of [his alleged collateral consequences' satisfy the "in custody" requirement under § 2254(a). (ECF No. 34 at 12.) *See Maleng*, 490 U.S. at 492 (holding that the inability to serve on jury or engage in certain businesses are not sufficient and holding that "a habeas petitioner [does not] remain "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes..."); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (possibility of impeachment in future trial not sufficient); *Wilson*, 689 F.3d at 338 (inability to work in certain jobs not sufficient); *Allen v. West*, No. 04 CIV. 9676 (DC), 2005 WL 911462, at *2 (S.D.N.Y. Apr. 20, 2005) (inability to serve labor union not sufficient). Moreover, "once the sentence is imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. Here, Petitioner provides no facts in the pleading to demonstrate that he was in custody as required by § 2254(a). Therefore, this court lacks jurisdiction over Petitioner's habeas action and the court hereby **DISMISSES** the petition without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the court **ACCEPTS** the Report (ECF No. 34) and **GRANTS** Defendant South Carolina Department of Corrections' ("Warden") Motion for Summary Judgment (ECF No. 29.) The court therefore, **DISMISSES** the petition without prejudice. Further, a

certificate may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been denied on the merits, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation and quotation marks omitted). Where a petitioner's constitutional claims are dismissed on procedural grounds, the petitioner must show both (1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Having found that Petitioner has not met his burden for the issuance of a certificate of appealability, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

March 24, 2020
Columbia, SC

*J. Michelle Childs*

United States District Judge